UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON WILLIAMS,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Defendant.
_____/

Case No.: 23-cv-12066
Hon. Gershwin A. Drain

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [#13] AND FINDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#10] MOOT**

**I.    INTRODUCTION**

On August 14, 2023, Plaintiff filed her original Complaint alleging Defendant Blue Cross Blue Shield of Michigan (BCBSM) violated her rights under Title VII, 42 U.S.C. § 2000e *et seq*., when BCBSM unlawfully discriminated against her religion, by failing to grant her request for an accommodation from Defendant's mandatory COVID-19 vaccine mandate for all employees, and ultimately terminated her employment for not getting the vaccine. Plaintiff also alleges disparate treatment

1

claims under Title VII and Michigan's Elliot Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.* (ELCRA).

Presently before the Court is the Plaintiff's Motion to Amend, filed on March 21, 2024. Defendant filed a Response in Opposition on April 4, 2024. Plaintiff filed a Reply on April 11, 2024. Also, before the Court is the Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), filed on February 29, 2024. Plaintiff filed a Response on March 21, 2024. Defendant filed a Reply on April 4, 2024.

Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve the parties' motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. FACTUAL BACKGROUND

Plaintiff was employed by Defendant as a Digital Experience Operations Manager from July 1, 2015, until her termination on January 5, 2022. Plaintiff was an excellent performer and received an "exceeds expectations" review before she was terminated.

In 2021, Defendant imposed a COVID-19 vaccine mandate on all employees. Employees were permitted to request an accommodation to

the vaccination mandate no later than November 11, 2021. Employees who were denied an accommodation were automatically placed on unpaid leave from December 9, 2021 until January 5, 2022.

Plaintiff further alleges that Defendant's accommodation process was arbitrary and woefully inconsistent. Defendant conducted a series of ambush-style interrogations with employees who submitted accommodation requests. On January 5, 2022, Defendant terminated approximately 250 employees, including the Plaintiff, who requested religious accommodation for the COVID-19 vaccine.

On October 10, 2023, the parties entered a Stipulated Order to consolidate this action and more than 100 other cases for purposes of discovery only.

On February 29, 2024, Defendant filed a Motion for Judgment on the Pleadings arguing that Plaintiff's claims must be dismissed because she fails to allege a sincerely held religious belief.

### III. LAW & ANALYSIS

#### A. Standard of Review – Motion to Amend

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). There are several factors courts

consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court need not grant leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### B. Title VII Religious Discrimination Based on a Failure to Accommodate

Plaintiff seeks to amend her Complaint to clarify that she does not base her objection to the COVID-19 vaccine on merely "praying on it," as well as to provide more detail concerning statements made by Defendant's decision makers. Specifically, she seeks to add more detailed allegations explaining why Plaintiff's religious beliefs

4

prevented her from receiving the COVID-19 vaccine. Specifically, Plaintiff's proposed First Amended Complaint seeks to describe how her religious beliefs conflict with Defendant's COVID-19 mandate because: (1) Plaintiff is a devout Christian and believes in the Word of God as taught through the Bible, (2) Plaintiff derives her morals and conscience from Jesus Christ and the Bible, (3) Plaintiff informed Defendant that she relies on 1 Corinthians 6:19-20 to guide how she treats her body, which states, "Do you not know that your body is a temple of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore honor God with your body," (4) To honor God with her body, Plaintiff does not consume Biblically unclean food, such as pork, (5) Plaintiff believes her body, including her immune system, was created in God's perfect image and she uses natural treatments to avoid altering her immune system against God's will, (6) Plaintiff believes it is a sin to alter her body and God-given immune system, so she informed Defendant, "[a]ltering my body with vaccinations sabotages my spiritual quality of life and eliminates meaning, (7) Plaintiff further informed Defendant that, "[m]y spiritual conviction is that my body is

5

created by God, that my health is a matter of stewardship, and Scripture places that responsibility on me. Whatever does not proceed from faith is sin," (8) Plaintiff has not received any vaccines since childhood, as she believes it is her religious obligation to keep her immune system as God created, (9) Plaintiff also believes that life begins at conception and opposes abortion for religious reasons; therefore, Plaintiff avoids injecting her body with substances that were developed with or tested on fetal cell lines and believes that receiving the COVID-19 vaccine would make her complicit in the sinful act of murder.

 As to the statements made by Defendant's decisionmakers, Plaintiff seeks to amend to include allegations that Defendant's Director of Employee and Labor Relations, Mr. Feinbaum, told other employees in management that he doubted the validity of "any" religious accommodation request; stated in human resources meetings that he believes Christianity (the religion Plaintiff identifies with) allows for vaccination against COVID-19; and asserted that religious accommodation interviews would be conducted like "mini depositions" to "pressure" employees to get vaccinated against COVID-19.

6

Additionally, Daniel J. Loepp, BCBSM's President and CEO, stated to other employees in the weeks prior to the vaccination deadline that he anticipated denying accommodation requests and terminating many employees.

Title VII prohibits employers from engaging in adverse actions against their employees because of their religion. Title VII is violated by either disparate treatment or disparate impact. *Sturgill v. Am. Red Cross*, No. 22-cv-11837, 2023 U.S. Dist. LEXIS 224036, at *10 (E.D. Mich. Dec. 15, 2023); *Gorski v. Ascension*, No. 22-cv-13009, 2024 U.S. Dist. LEXIS 59087, at *6 (E.D. Mich. Mar. 25, 2024) ("Title VII stands as a bulwark against pernicious twins of discrimination: disparate treatment, where adverse employment actions are taken based in whole or in part on religion, and disparate impact, where seemingly neutral employment practices disproportionately affect members of a certain religion.")

To establish a prima facie case of religious discrimination in violation of Title VII based on an employer's failure to accommodate, an employee must show they (1) hold a sincere religious belief that conflicts with a job requirement; (2) informed the employer of the

conflict; and (3) was discharged for failing to comply with the conflicting job requirement. *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 355-56 (6th Cir. 2020); *Bolden v. Lowes Home Centers, LLC*, 783 F. App'x 589, 597 (6th Cir. 2019). Once the plaintiff makes this showing, the burden shifts to the defendant to show that "it could not reasonably accommodate the employee without undue hardship." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007).

Here, none of the *Foman* factors weigh in favor of denying amendment of Plaintiff's complaint. She has not delayed in filing her request for an amendment; having done so a few months after filing her original complaint and well before discovery cutoff. Defendant had fair notice of Plaintiff's claims evidenced by its Answer. Further, there is no bad faith, nor repeated failures to correct pleading deficiencies. Nor has Defendant indicated it will suffer undue prejudice if amendment is allowed at this early stage of the litigation. Finally, contrary to Defendant's argument, amendment is not futile as will be more fully explained below.

Here, Plaintiff's Amended Complaint sufficiently alleges religious beliefs that conflict with the COVID-19 vaccine policy. First, Plaintiff

relies on Christian scripture to explain her belief that her body is a "temple of the Holy Spirit" and Plaintiff believes her immune system was created in God's perfect image. *See* ECF No. 13, PageID.286. Plaintiff's religious accommodation request told Defendant, "[a]ltering my body with vaccinations sabotages my spiritual quality of life and eliminates meaning," and "[m]y spiritual conviction is that my body is created by God, that my health is a matter of stewardship, and Scripture places that responsibility on me." *Id.* Plaintiff's objection is rooted in a Christian belief that she must remain as God made her. *Camp v. L.A. Arena Co., LLC*, No. EDCV 22-2220, 2023 WL 4680797, at *2 (C.D. Cal. Jun. 15, 2023) (concluding the plaintiff sufficiently alleged that he has a bona fide religious belief against the COVID-19 vaccine by pleading he "is a follower of the Christian faith," "believes his body belongs to God and is a temple of the Holy Spirit," and "believes it is against his religion to ingest or inject his body with possible harmful substances."); *Christopher K. McNeill v. Tyson Fresh Meats, Inc.*, No. 2:23-CV-041-Z, 2023 WL 8532408, at *10 (N.D. Tex. Dec. 8, 2023) (Plaintiff plausibly alleged a religious belief conflicting with COVID-19 vaccine requirement because he asserted that "his 'God given blood is

9

the only immune system [he] or [his] children need,' and accordingly believes taking any vaccine is 'against my faith, my God.'").

Second, because Plaintiff believes that life begins at conception, Plaintiff believes that abortion is murder and therefore a sin. *Id.*, PageID.287. Since the COVID-19 vaccine is produced and manufactured using fetal cell lines, Plaintiff religiously opposes receiving the COVID-19 vaccine because it would make her "complicit in the sinful act of murder." *Id.* Thus, Plaintiff's beliefs regarding vaccination are part of her broader Christian beliefs and "must be construed in the light most favorable to her as inseparable from and interdependent with her Christian . . . beliefs insofar as she also justifies her way of life, which involves not receiving [the COVID-19 vaccine], by appeal to Biblical scripture." *Leeck v. Lehigh Valley Health Network*, No. 5:22-CV-4634, 2023 WL 4147223, at *7 (E.D. Pa. Jun. 23, 2023).

Courts have held that a plaintiff sufficiently pleads the first element of a failure to accommodate religious beliefs claim when the COVID-19 vaccine objection is based on a religious belief regarding the use of aborted fetal cells. *See Collins v. Tyson Foods, Inc.*, No. 22-cv-

10

00076, 2023 WL 2731047, at *7 (W.D. Ky. Mar. 30, 2023) (ruling that a plaintiff established a *prima facie* case by simply identifying as a Christian who opposed the COVID-19 vaccine due to the use of fetal cell tissue); *Ellison v. Inova Health Care Servs.*, No. 123CV00132MSNLRV, 2023 WL 6038016, at *6 (E.D. Va. Sept. 14, 2023) (finding that a plaintiff adequately linked his objection to the COVID-19 vaccine to a sincerely held religious belief by alleging he had a "sincerely held religious belief in the sanctity of human life and that—because he sincerely believe[d] the use of these bodily remains renders these vaccines unclean," – he could not comply with the policy for that reason").

    Here, Plaintiff's proposed First Amended Complaint plausibly alleges her sincerely held religious beliefs. It further alleges that Plaintiff informed Defendant of the conflict between her religious beliefs and Defendant's vaccine mandate by submitting a religious accommodation request and sitting for an interview before Defendant ultimately denied her request and terminated her for refusing to comply with the vaccine mandate. As such, the proposed First Amended

11

Complaint sufficiently alleges a plausible claim for Title VII religious discrimination based on Defendant's failure to accommodate.

### C. Title VII and ELCRA Disparate Treatment claims

"A plaintiff can prove disparate treatment discrimination with direct or circumstantial evidence of the employer's discriminatory motive." *Martin v. Saginaw Cnty. Rd. Comm'n*, 606 F. Supp. 3d 639, 646 (E.D. Mich. 2022). "The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Hedrick v. Western Reserve Care System,* 355 F.3d 444, 453 (6th Cir. 2004). "Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). In contrast, circumstantial evidence "does not on its face establish discriminatory animus but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Wexler v. Hite's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).

If a plaintiff shows direct evidence of discrimination, she may prevail without proving all elements of a *prima facie* case. *Swierkiewicz*,

12

534 U.S. 506, 511 (2002) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 112 (1985)). Examples of direct evidence include "[a] facially discriminatory employment policy or a . . . decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

Here, Defendant's Director of Employee and Labor Relations, Mr. Feinbaum, told other employees in management that he doubted the validity of "any" religious accommodation request; stated in human resources meetings that he believes Christianity (the religion Plaintiff identifies with) allows for vaccination against COVID-19; and asserted that religious accommodation interviews would be conducted like "mini depositions" to "pressure" employees to get vaccinated against COVID-19. Indeed, Defendant allegedly instructed employees conducting religious accommodation interviews not to accept "all" religious accommodation requests, even though Defendant did not base denials on a purported undue hardship (*i.e.*, substantially increased costs in relation to the conduct of business). When taken together and accepted as true, these allegations require the conclusion that unlawful

13

discrimination was at least a motivating factor in Defendant's decision to deny Plaintiff's accommodation request.

Plaintiff's Amended Complaint also contains sufficient facts supporting an inference that other similarly situated employees were treated more favorably. ECF No. 13, PageID.289, Ex. 1, ¶¶78-79, 106-111, 118-124, 127. Critically, however, "[t]he *McDonnel Douglas* framework—which requires Plaintiff to show she (1) belongs to a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) circumstances supporting an inference of discrimination—is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 506; *see also Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007). Thus, contrary to Defendant's argument, Plaintiff need not identify similarly situated employees by name at this stage of the litigation. *Turner v. United Parcel Serv., Inc.*, No. 3:19-CV-00476, 2019 WL 5190992, at *4 (M.D. Tenn. Oct. 15, 2019) ("There is no categorical requirement that a plaintiff who seeks to support an inference of discrimination must identify similarly situated comparator employees by name in [her] complaint."). Plaintiff's

proposed First Amended Complaint sufficiently alleges disparate treatment discrimination.

### D.  Defendant's Motion for Judgment on the Pleadings

When an amended complaint is filed, a motion to dismiss the original complaint is moot.  *See Computerease Software, Inc. v. Hemisphere Corp.*, No. 06-cv-247, 2007 U.S. Dist. LEXIS 64753, at *1 (S.D. Ohio Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot . . . .") *Scuba v. Wilkinson*, No. 1:06cv160, 2006 U.S. Dist. LEXIS 69892, *2 (S.D. Ohio Sep. 27, 2006).  Thus, Defendant's Motion for Judgment on the Pleadings is moot.

### IV.  CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Amend [#13] is GRANTED.

Defendant's Motion for Judgment on the Pleadings [#10] is MOOT.

SO ORDERED.

Dated: May 6, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

15

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 6, 2024, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager